RECEIVED

DEC 16 2015

AT 8:30_____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Joseph H. Rodriguez |
| v. | : Crim. No. 15-635 |
| JOSE SALAZAR, <br> a/k/a "Tito" | : 18 U.S.C. § 1349 <br> : 18 U.S.C. § 1028A(a)(1) <br> : 18 U.S.C. § 2 |

**INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

**COUNT ONE**
**(Conspiracy to Commit Bank Fraud)**

1. At all times relevant to this Indictment:

**Relevant Individuals and Entities**

a. Defendant JOSE SALAZAR resided in or around Fontana, California, and managed a "cash out crew" — a group of individuals who fraudulently cashed out the contents of victims' bank accounts by conducting fraudulent automated teller machine ("ATM") transactions.

b. Coconspirator #1 (CC-1) resided in or around Riverside, California, and was a member of defendant SALAZAR's cash out crew.

c. Coconspirator #2 (CC-2) resided in or around Bloomington, California, and was a member of defendant SALAZAR's cash out crew.

d. Michaels Stores, Inc. ("Michaels") was headquartered in Texas and operated retail stores throughout the United States, including locations throughout New Jersey.

e.  The following banks were financial institutions, as that term was defined in Title 18, United States Code, Section 20, whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC"): U.S. Bank National Association; BMO Harris Bank N.A.; Bank of America, N.A.; JPMorgan Chase Bank, N.A.; TD Bank, N.A.; Beneficial Bancorp, Inc.; and Wells Fargo Bank, N.A. (collectively the "Financial Institutions").

## The Conspiracy

2.  From in or about April 2011 through in or about June 2011, in Essex County and Camden County, in the District of New Jersey, and elsewhere, defendant

### JOSE SALAZAR

did knowingly and intentionally conspire and agree with CC-1, CC-2, and others to execute a scheme and artifice to defraud the Financial Institutions, and to obtain money, funds, assets, and other property owned by, and under the custody and control of, the Financial Institutions, by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Codes, Section 1344.

## The Object of the Conspiracy

3.  It was the object of the conspiracy for defendant SALAZAR, CC-1, CC-2, and others to enrich themselves by: (1) installing devices on point of sale ("POS") terminals at Michaels stores that acquired customers' bank account and personal identification number ("PIN") information (the "Stolen Account

Information"); (2) using the Stolen Account Information to produce counterfeit bank cards (the "Counterfeit Cards"); and (3) using the Counterfeit Cards and Stolen Account Information to withdraw funds from compromised bank accounts, by conducting fraudulent ATM transactions throughout the United States.

### The Manner and Means of the Conspiracy

4. It was part of the conspiracy that conspirators replaced POS terminals in approximately 80 different Michaels stores across 19 states, including in the District of New Jersey, with counterfeit POS devices that recorded and stored the Stolen Account Information from each swiped credit or debit card transaction.

5. It was further part of the conspiracy that each counterfeit POS device was equipped with radio-frequency identification (RFID) technology whereby conspirators wirelessly retrieved the Stolen Account Information without having to retrieve the counterfeit POS devices.

6. It was further part of the conspiracy that between in or about February 2011 and in or about April 2011, conspirators compromised approximately 94,000 debit and credit card account numbers from customers at a number of Michaels locations across the United States, including in the District of New Jersey, using the manner and means described above.

3

7. It was further part of the conspiracy that in or about 2011, defendant SALAZAR recruited individuals to participate in the conspiracy described herein.

8. It was further part of the conspiracy that between in or about April 2011 and in or about May 2011, defendant SALAZAR, CC-1, CC-2, and others obtained Counterfeit Cards with the corresponding PIN numbers written on them from other conspirators.

9. It was further part of the conspiracy that defendant SALAZAR, CC-1, CC-2, and others subsequently traveled to various locations throughout the United States as cash out crews and used the Counterfeit Cards and stolen PIN information at ATMs, including ATMs located in the District of New Jersey, to withdraw funds from hundreds of compromised bank accounts.

10. It was further part of the conspiracy that on or about May 6, 2011, defendant SALAZAR rented a car at Newark Liberty International Airport in Newark, New Jersey, in furtherance of the scheme.

11. It was further part of the conspiracy that on or about May 14, 2011, in the District of New Jersey, CC-1, CC-2, and others possessed approximately 179 Counterfeit Cards containing Stolen Account Information belonging to approximately 179 different individuals.

12. It was further part of the conspiracy that on or about June 11, 2011, defendant SALAZAR withdrew funds from an ATM in Portland, Oregon using a Counterfeit Card ending in 9845 and stolen PIN information, which card and

information belonged to "Victim 1," an individual whose identity is known to the Grand Jury.

13. It was further part of the conspiracy that, using the manner and means described above, defendant SALAZAR, CC-1, CC-2, and others fraudulently obtained over $615,000 from the Financial Institutions and attempted to obtain at least an additional $181,000 from the Financial Institutions.

In violation of Title 18, United States Code, Section 1349.

## COUNT TWO
## (Aggravated Identity Theft)

1. The allegations set forth in paragraphs 1 and 4 through 12 of Count One of this Indictment are re-alleged and incorporated as if fully set forth herein.

2. On or about June 11, 2011, in the District of New Jersey, and elsewhere, defendant

## JOSE SALAZAR

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, a debit card number ending in 9845 and a corresponding PIN number, belonging to Victim 1, during and in relation to a felony violation of a provision contained in Chapter 63 of the United States Code, that is, conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment, knowing that means of identification belonged to another actual person.

In violation of Title 18, United States Code, Section 1028A(a)(1) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1. The allegations contained in all paragraphs of Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. The United States hereby gives notice to the defendant charged in Count One of this Indictment that, upon conviction of the offense charged in that count, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(2)(A), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 1349, alleged in Count One of this Indictment.

3. If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party,

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty,

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

       A TRUE BILL,

       _____
       FOREPERSON

_____
PAUL J. FISHMAN
United States Attorney

CASE NUMBER: 15- 635 (JHR)

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**JOSE SALAZAR,**
a/k/a "Tito"

**INDICTMENT FOR**
18 U.S.C. § 1349
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

A True Bill,

Foreperson

**PAUL J. FISHMAN**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

**DANIEL SHAPIRO**
*ASSISTANT U.S. ATTORNEY*
*(973)353-6087*

USA-48AD 8
(Ed. 1/97)